**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:      Rosevelt Lee Gill v. The State of Texas

Appellate case number:    01-14-00509-CR

Trial court case number:  1382563

Trial court:              351st District Court of Harris County

Appellant is not represented by counsel. Appellant received a copy of the record on July 30, 2014. His brief was due on August 14, 2014. We granted an extension until October 13, 2014, but no brief was filed. It appears that appellant may have abandoned the appeal.

On October 27, 2015, this Court issued an order, abating the appeal and remanding to the trial court for a hearing. The supplemental clerk's record and hearing record were due to be filed by November 25, 2015. To date, nothing has been filed. Accordingly, we issue this order.

The appeal remains abated. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We have remanded this to the trial court, directing the trial judge to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)   whether appellant wishes to prosecute the appeal; and, if so,

(2)   whether appellant is presently

(a) indigent, in which case the trial court should appoint appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

---

1    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4) or, appellant has not abandoned the appeal, make appropriate findings and recommendations regarding the reason that appellant has not filed a brief and establish a date by which appellant will file the brief, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than January 26, 2015.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than January 26, 2015015.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Harvey Brown

          ☑ Acting individually    ☐ Acting for the Court

Date: January 12, 2016